UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-22583-CV-SCOLA/GOODMAN

ANTONIETA CRUZADO
on behalf of F.C.,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS**
<u>**RECOMMENDING** *SUA SPONTE* **DISMISSAL WITHOUT PREJUDICE**</u>

This case purports to be a challenge to a denial of social security benefits. According to the Clerk's directive in these types of administrative appeals, all dispositive matters have been referred to the Undersigned for a Report and Recommendations. [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **dismiss without prejudice** the instant action for lack of subject matter jurisdiction.

**I.    Procedural Background**

At the outset, the Undersigned notes that Antonieta Cruzado ("Plaintiff") is *pro se*. "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir.

2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

Plaintiff commenced the instant action on August 15, 2022 by filing a form, entitled "Complaint for a Civil Case." [ECF No. 1 ("Complaint")].[1] She brings this action on behalf of her minor son, F.C., and states that "[s]ince 2019, [she] ha[s] not received [a] disability check for [her] son. *Id.* at 4. She also states that her "[c]ase was dismissed without notice." *Id.*

Noticeably absent from her pleading, however, is any reference to a final decision made by the Commissioner of the Social Security Administration or to any prior administrative decision made regarding a claim for relief. There are no documents attached to the Complaint evidencing an exhaustion of administrative remedies. In short, the Complaint alleges no facts which would inform the Court as to whether there was a final decision over which the Court has jurisdiction, pursuant to 42 U.S.C. § 405(g).

On September 21, 2022, Plaintiff filed medical records. [ECF No. 6]. But again, this filing (and the docket as a whole) does not reveal any final decision by the Commissioner.

---

[1]   This is a standard, fill-in-the-blanks form available from the United States Courts' website, https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.

2

It appears Plaintiff has failed to exhaust her administrative remedies and, for this reason, the Court lacks jurisdiction over this case.

## II. Analysis

Federal courts are courts of limited subject matter jurisdiction and must be vigilant in ensuring that they have jurisdiction over a case. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Moreover, the Court always has jurisdiction to determine whether it has jurisdiction over a matter. *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

"The Court's jurisdiction in social security cases is generally governed by 42 U.S.C. § 405." *Robinson v. Kijakazi*, No. 8:21-CV-308-KKM-CPT, 2022 WL 607957, at *2 (M.D. Fla. Feb. 10, 2022), report and recommendation adopted sub nom. *Robinson v. Comm'r of Soc.*

Sec., No. 8:21-CV-0308-KKM-CPT, 2022 WL 605168 (M.D. Fla. Mar. 1, 2022); *see also Harris v. Comm'r of Soc. Sec.*, No. 2:20-CV-391-SPC-MRM, 2021 WL 5217285, at *5 (M.D. Fla. Oct. 18, 2021), report and recommendation adopted, No. 2:20-CV-391-SPC-MRM, 2021 WL 5204128 (M.D. Fla. Nov. 9, 2021) ("The remedies enumerated in [section 405] are the sole source of federal jurisdiction in social security disability cases.").

This Court has summarized the review/exhaustion process in social security cases as follows:

> Title 42, United States Code, Sections §§ 405(g), (h), and 1383(c)(3) set forth the judicial review provisions for claims arising under the Social Security Act (the "Act"). Section 405(g) authorizes judicial review only after a final decision by the Commissioner of Social Security. More specifically, Section 405(g) provides, in relevant part,
>
>> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> 42 U.S.C. § 405(g) (emphasis added). Section 405(h) continues by explaining that it is the only source of judicial review of the decision of the Commissioner of Social Security — "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The Eleventh Circuit has explained that "the remedies outlined [in 42 U.S.C. § 405(g)] are the exclusive source of federal court jurisdiction over cases involving [social security income]." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (2007).
>
> Thus, judicial review is permitted in accordance with Section 405(g) for claims arising under the Act after the Commissioner has issued a final

> decision. The Act does not define the term "final decision" and instead leaves it to the Commissioner to give meaning to the term through regulations. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975); *Reilly v. Comm'r of Soc. Sec.*, [No. 2:09–cv–129–FtM–29SPC], 2010 WL 2103028 at *3 (M.D. Fla. Apr. 15, 2010) [,report and recommendation adopted, 2010 WL 2103029 (M.D. Fla. May 24, 2010)] (citations omitted). The regulations provide that a claimant must complete a four-step review process before a decision becomes final. *Johnson v. Barnhart*, 2006 WL 3507952 at *2 (M.D. Fla. Dec. 5, 2006) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988)); *see also* 20 C.F.R. § 404.900(a) . . . ; *Califano v. Sanders*, 430 U.S. 99, 101 (1977).
>
> The four-step administrative review process includes (1) an initial determination, (2) reconsideration of the initial determination, (3) a hearing before an administrative law judge, and (4) review by the Appeals Council. See 20 C.F.R. § 404.900(a)(1)-(5); *Bello v. Comm'r of Soc. Sec.*, [460 F. App'x 837 (11th Cir. 2012)] (citing 20 C.F.R. § 404.900(a)(1)-(5)). Accordingly, the Court must find that [the] [p]laintiff completed all four steps of the administrative review process in order for the Court to obtain jurisdiction over the case. *Johnson*, 2006 WL 3507952 at *2 (citing *Salfi*, 422 U.S. at 767). In other words, [the] [p]laintiff must exhaust all of her administrative remedies before subject matter jurisdiction may be found in federal court, unless exhaustion has been waived. *Crayton* [*v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997)]; *Heckler v. Ringer*, 466 U.S. 602, 605 (1980); [*Salfi*], 422 U.S. at 765.

*Fletcher v. Astrue*, No. 11-24398-CIV, 2012 WL 13129969, at *4-5 (S.D. Fla. June 25, 2012) (emphasis in original; some alterations in original), report and recommendation adopted, Final Order of Dismissal, ECF No. 23, No. 11-24398-CIV (S.D. Fla. Aug. 24, 2012); *see also Simpson v. Kijakazi*, No. 8:22-CV-0011-KKM-SPF, 2022 WL 1157680, at *2 (M.D. Fla. Mar. 31, 2022), report and recommendation adopted sub nom. *Simpson v. Comm'r of Soc. Sec.*, 2022 WL 1155904 (M.D. Fla. Apr. 19, 2022) ("A civil action may be brought only after (1) the claimant has been [a] party to a hearing held by the Commissioner of Social Security; and (2) the Commissioner has made a final decision on the claim. *See* 42 U.S.C. § 405(g).

A claimant obtains the Commissioner's "final decision" after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review." (citing 20 C.F.R. § 416.1400(a); *Schweiker*, 487 U.S. at 424-25)).

Here, Plaintiff's Complaint fails to establish subject matter jurisdiction. There does not appear to have been a waiver of the exhaustion requirement in this case.[2] And, Plaintiff's status as a *pro se* litigant does not exempt her from the requirement that she plead exhaustion of administrative remedies before obtaining judicial review. *See, e.g.*, *Pineda v. Soc. Sec.*, No. 1:22-CV-20988-KMM, 2022 WL 2079219, at *1 (S.D. Fla. May 25, 2022), report and recommendation adopted, 2022 WL 2073647 (S.D. Fla. June 9, 2022) (dismissing *pro se* plaintiff's complaint against the Social Security Administration for failing to allege "facts that would inform this Court as to whether there [was] a final decision over which this Court has jurisdiction"); *Robinson*, 2022 WL 607957, at *2

---

[2] Courts consider three factors in determining whether the exhaustion requirement has been waived: "(1) the issue before the Court is entirely collateral to the underlying claim; (2) failure to waive would cause irreparable injury; and (3) exhaustion would be futile." *Am-Med Diabetic Supplies, Inc. v. Nat'l Supplier Clearinghouse*, No. 15-81452-CIV, 2015 WL 11110558, at *4 (S.D. Fla. Nov. 2, 2015) (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)).

From the limited record in the instant case, there is no reason to believe that the requirement that administrative remedies be exhausted has been waived here. *See, id.* ("Because the Court finds that [the] [p]laintiff ha[d] failed to satisfy all three of . . . [the *Bowen* factors], the Court ha[d] no subject matter jurisdiction over [the] case, and [the] [p]laintiff must exhaust its administrative remedies prior to seeking relief in district court.").

(dismissing *pro se* plaintiff's action against the Social Security Administration because he "did not exhaust his administrative remedies. . . before filing his complaint" and as a result "the Court lack[ed] subject matter jurisdiction . . . under section 405(g)").

### III. Conclusion

Plaintiff must show that she proceeded through all four steps of the administrative review process before the Court may find that it has subject matter jurisdiction over this case. For the reasons stated above, the Undersigned **respectfully recommends** that the Court **dismiss without prejudice** Plaintiff's Complaint [ECF No. 1] for lack of subject matter jurisdiction.[3]

### IV. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See*

---

[3] Once she has exhausted her administrative remedies, Plaintiff may (but is not required to) use Form Number Pro Se 13, Complaint for Review of a Social Security Disability or Supplemental Security Income Decision, available at https://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision.

29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on September 29, 2022.

                                         Jonathan Goodman
                                         UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record